IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CLAYTON AMES and ANDREA NESTOR, | ) ) ) | |
| Plaintiffs, | ) ) | Case No |
| v. | ) ) | |
| ARENTFOX SCHIFF, | ) ) | |
| Defendant. | ) | JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES the Plaintiffs CLAYTON AMES and ANDREA NESTOR ("Plaintiffs" or "Ames" and/or "Nestor"), by and through their attorneys, Barry A. Gomberg of Barry A. Gomberg & Associates, Ltd., and complaining of the Defendant, ARENTFOX SCHIFF, states as follows:

## PARTIES

1. Plaintiff, Clayton Ames, is an individual residing in Johnsburg, Illinois.

2. Plaintiff Andrea Nestor, is an individual residing in Geneva, Illinois.

3. Defendant ArentFox Schiff ("Defendant" or "ArentFox") is a company transacting business in the State of Illinois, with offices located at 233 S. Wacker Dr., Chicago, Illinois 60606.

## JURISDICTION AND VENUE

4. The claims against Defendant are for age discrimination pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §621, et seq.

5. Jurisdiction is conveyed upon this Court by virtue of 28 U.S.C. §1343 as these claims arise under the laws of the United States of America.

6. This Court is the proper venue for this lawsuit in that the facts giving rise to this lawsuit occurred in this judicial district.

## COUNT I - 
## AGE DISCRIMINATION – CLAYTON AMES
### (Failure to Promote)

1-6. Plaintiff Ames re-alleges and incorporates as if fully set forth herein paragraphs 1 through 6 above.

7. Pursuant to Section 14(b) of the ADEA, 29 U.S.C. § 633(b), Plaintiff Ames has filed this cause more than sixty (60) days after the filing of a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), pursuant to the requirements of the ADEA and the EEOC, a copy of which is attached hereto as Exhibit A and fully incorporated herein by reference.

8. Plaintiff Ames has filed this cause pursuant to a Notice of Right to Sue issued by the EEOC within the statutory time requirement, a copy of which is attached hereto as Exhibit C.

9. In direct violation of the ADEA, Defendant engaged in the age discriminatory acts described in the Charge of Discrimination, attached as Exhibit A.

10. Plaintiff Clayton Ames was born in 1964.

11. In 1998, Plaintiff Ames was hired by Schiff Hardin.

12. In 2022, Schiff Hardin merged with ArentFox and became ArentFox Schiff, who is the Defendant in this matter.

13. Plaintiff Ames was an employee of ArentFox Schiff.

14. Plaintiff Ames worked in Defendant's Information Technology ("IT") Department during his employment.

15. In 2023, Plaintiff Ames was required to re-apply for his position despite the fact that he was one of the most knowledgeable individuals at Defendant regarding Defendant's technology and needs.

16. Stova Wong asked Plaintiff Ames if he wanted to continue working for Defendant in their IT Department.

17. Plaintiff Ames informed Stova Wong that he wanted to remain employed by Defendant.

18. Plaintiff Ames was informed by Stova Wong that Defendant would "love to continue to work with" him.

19. On or about April 15, 2023, Plaintiff Ames was terminated from his position at Defendant.

20. Even though Plaintiff Ames was knowledgeable about Defendant's IT equipment and needs and had been working for Defendant for over twenty years, Plaintiff was terminated from Defendant while significantly younger individuals were hired to replace him despite the experience of Plaintiff.

21. Defendant's reason for terminating Plaintiff Ames was a pretext for discrimination.

22. Plaintiff Ames received discriminatory and harassing comments regarding his age from Defendant prior to prior to his termination.

23. Plaintiff Ames performed his job duties in a satisfactory manner for Defendant.

24. Plaintiff Ames' performance was as good, if not better, than individuals at Defendant who were younger than Plaintiff Ames and who were not terminated by Defendant under comparable or worse circumstances.

25. As a result of Defendant's age based discriminatory conduct, Plaintiff Ames has suffered injury to his career, as well as emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, and other non-pecuniary losses for which he is entitled to compensatory damages pursuant to 42 U.S.C. § 1981a.

WHEREFORE, Plaintiff CLAYTON AMES prays for judgment against Defendant ARENTFOX SCHIFF, as follows:

A. For an award of back pay and lost benefits from April 16, 2023 through the present;

B. For liquidated damages;

C. Front pay;

D. For attorney's fees and costs of this suit, including expert witness fees;

E. For pre-judgment interest in an amount to be determined at the time of trial; and

F. For such other relief as is just and equitable.

### COUNT II -
### IN THE ALTERNATIVE, AGE DISCRIMINATION – CLAYTON AMES
### (Failure to Hire)

1-6. Plaintiff Ames re-alleges and incorporates as if fully set forth herein paragraphs 1 through 6 above.

7. Pursuant to Section 14(b) of the ADEA, 29 U.S.C. § 633(b), Plaintiff Ames has filed this cause more than sixty (60) days after the filing of a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), pursuant to the requirements of the ADEA and the EEOC, a copy of which is attached hereto as Exhibit A and fully incorporated herein by reference.

8. Plaintiff Ames has filed this cause pursuant to a Notice of Right to Sue issued by the EEOC within the statutory time requirement, a copy of which is attached hereto as Exhibit C.

9. In direct violation of the ADEA, Defendant engaged in the age discriminatory acts described in the Charge of Discrimination, attached as Exhibit A.

10. Plaintiff Clayton Ames was born in 1964.

11. In 1998, Plaintiff Ames was contracted by Schiff Hardin to perform services related to information technology.

12. In 2022, Schiff Hardin merged with ArentFox and became ArentFox Schiff, who is the Defendant in this matter.

13. Plaintiff Ames was a contractor of ArentFox Schiff.

14. Plaintiff Ames worked in Defendant's Information Technology ("IT") Department during his employment.

15. In 2023, Plaintiff Ames was required to apply for his position despite the fact that he was one of the most knowledgeable individuals regarding Defendant's technology and needs.

16. Stova Wong asked Plaintiff Ames if he wanted to work as a regular employee for Defendant in their IT Department.

17. Plaintiff Ames informed Stova Wong that he wanted to be employed by Defendant.

18. Plaintiff Ames was informed by Stova Wong that Defendant would "love to continue to work with" him.

19. On or about April 15, 2023, Plaintiff Ames was not hired by Defendant to perform the duties that he was previously contracted to perform for Defendant.

20. Even though Plaintiff Ames was knowledgeable about Defendant's IT equipment and needs and had been working for Defendant for over twenty years, Plaintiff Ames was not hired

by Defendant while significantly younger individuals were hired instead of him despite the experience of Plaintiff Ames.

21. Defendant's reason for not hiring Plaintiff Ames was a pretext for discrimination.

22. Plaintiff Ames received discriminatory and harassing comments regarding his age from Defendant prior to prior to their failure to hire him on a regular basis.

23. Plaintiff Ames performed his contracted duties in a satisfactory manner for Defendant.

24. Plaintiff Ames' performance was as good, if not better, than individuals at Defendant who were younger than Plaintiff Ames and who were hired by Defendant instead of Plaintiff Ames.

25. As a result of Defendant's age based discriminatory conduct, Plaintiff Ames has suffered injury to his career, as well as emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, and other non-pecuniary losses for which he is entitled to compensatory damages pursuant to 42 U.S.C. § 1981a.

WHEREFORE, Plaintiff CLAYTON AMES prays for judgment against Defendant ARENTFOX SCHIFF, as follows:

A. For an award of back pay and lost benefits from April 16, 2023 through the present;

B. For liquidated damages;

C. Front pay;

D. For attorney's fees and costs of this suit, including expert witness fees;

E. For pre-judgment interest in an amount to be determined at the time of trial; and

F. For such other relief as is just and equitable.

## COUNT III
## ADEA WILLFUL VIOLATION – CLAYTON AMES

1-25. Plaintiffs re-allege and incorporate as if fully set forth herein paragraphs 1–6 above and paragraphs 7-25 of Counts II and III.

26. Defendant's discriminatory conduct, as aforesaid, was intentional and/or in reckless disregard for Plaintiffs' rights under the law and these acts constitute willful indifference to said rights.

WHEREFORE, Plaintiff CLAYTON AMES prays for judgment against Defendant ARENTFOX SCHIFF, as follows:

A. For an award of back pay and lost benefits from April 16, 2023 through the present;

B. For liquidated damages in an amount equal to Plaintiffs' actual damages;

C. Front pay;

D. For attorney's fees and costs of this suit, including expert witness fees;

E. For pre-judgment interest in an amount to be determined at the time of trial; and

F. For such other relief as is just and equitable.

## COUNT IV -
## AGE DISCRIMINATION – ANDREA NESTOR
### (Failure to Promote)

1-6. Plaintiff Nestor re-alleges and incorporates as if fully set forth herein paragraphs 1 through 6 above.

7. Pursuant to Section 14(b) of the ADEA, 29 U.S.C. § 633(b), Plaintiff Nestor has filed this cause more than sixty (60) days after the filing of a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), pursuant to the requirements of the

ADEA and the EEOC, a copy of which is attached hereto as Exhibit B and fully incorporated herein by reference.

8. Plaintiff Nestor has filed this cause pursuant to a Notice of Right to Sue issued by the EEOC within the statutory time requirement, a copy of which is attached hereto as Exhibit D.

9. In direct violation of the ADEA, Defendant engaged in the age discriminatory acts described in the Charge of Discrimination, attached as Exhibit B.

10. Plaintiff Andrea Nestor was born in 1965.

11. In 1998, Plaintiff Nestor was hired by Schiff Hardin.

12. In 2022, Schiff Hardin merged with ArentFox and became ArentFox Schiff, who is the Defendant in this matter.

13. Plaintiff Nestor was an employee of ArentFox Schiff.

14. Plaintiff Nestor worked in Defendant's Information Technology ("IT") Department during her employment.

15. In 2023, Plaintiff Nestor was required to re-apply for her position despite the fact that she was one of the most knowledgeable individuals at Defendant regarding Defendant's technology and needs.

16. Stova Wong asked Plaintiff Nestor if she wanted to continue working for Defendant in their IT Department.

17. Plaintiff Nestor informed Stova Wong that she wanted to remain employed by Defendant.

18. Plaintiff Nestor was informed by Stova Wong that Defendant would "love to continue to work with" her.

19. On or about April 15, 2023, Plaintiff Nestor was terminated from her position at Defendant.

20. Even though Plaintiff Nestor was knowledgeable about Defendant's IT equipment and needs and had been working for Defendant for over twenty years, Plaintiff was terminated from Defendant while significantly younger individuals were hired to replace her despite the experience of Plaintiff.

21. Defendant's reason for terminating Plaintiff Nestor was a pretext for discrimination.

22. Plaintiff Nestor received discriminatory and harassing comments regarding her age from Defendant prior to prior to her termination.

23. Plaintiff Nestor performed her job duties in a satisfactory manner for Defendant.

24. Plaintiff Nestor's performance was as good, if not better, than individuals at Defendant who were younger than Plaintiff Nestor and who were not terminated by Defendant under comparable or worse circumstances.

26. As a result of Defendant's age based discriminatory conduct, Plaintiff Nestor has suffered injury to her career, as well as emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, and other non-pecuniary losses for which she is entitled to compensatory damages pursuant to 42 U.S.C. § 1981a.

WHEREFORE, Plaintiff ANDREA NESTOR prays for judgment against Defendant ARENTFOX SCHIFF, as follows:

A. For an award of back pay and lost benefits from April 16, 2023 through the present;

B. For liquidated damages;

C. Front pay;

D. For attorney's fees and costs of this suit, including expert witness fees;

E. For pre-judgment interest in an amount to be determined at the time of trial; and

F. For such other relief as is just and equitable.

## COUNT V -
## IN THE ALTERNATIVE, AGE DISCRIMINATION – ANDREA NESTOR
### (Failure to Hire)

1-6. Plaintiff Nestor re-alleges and incorporates as if fully set forth herein paragraphs 1 through 6 above.

7. Pursuant to Section 14(b) of the ADEA, 29 U.S.C. § 633(b), Plaintiff Nestor has filed this cause more than sixty (60) days after the filing of a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), pursuant to the requirements of the ADEA and the EEOC, a copy of which is attached hereto as Exhibit B and fully incorporated herein by reference.

8. Plaintiff Nestor has filed this cause pursuant to a Notice of Right to Sue issued by the EEOC within the statutory time requirement, a copy of which is attached hereto as Exhibit D.

9. In direct violation of the ADEA, Defendant engaged in the age discriminatory acts described in the Charge of Discrimination, attached as Exhibit B.

10. Plaintiff Andrea Nestor was born in 1965.

11. In 1998, Plaintiff Nestor was contracted by Schiff Hardin to perform services related to information technology.

12. In 2022, Schiff Hardin merged with ArentFox and became ArentFox Schiff, who is the Defendant in this matter.

13. Plaintiff Nestor was a contractor of ArentFox Schiff.

14. Plaintiff Nestor worked in Defendant's Information Technology ("IT") Department during her employment.

15. In 2023, Plaintiff Nestor was required to apply for her position despite the fact that she was one of the most knowledgeable individuals regarding Defendant's technology and needs.

16. Stova Wong asked Plaintiff Nestor if she wanted to work as a regular employee for Defendant in their IT Department.

17. Plaintiff Nestor informed Stova Wong that she wanted to be employed by Defendant.

18. Plaintiff Nestor was informed by Stova Wong that Defendant would "love to continue to work with" her.

19. On or about April 15, 2023, Plaintiff Nestor was not hired by Defendant to perform the duties that she was previously contracted to perform for Defendant.

20. Even though Plaintiff Nestor was knowledgeable about Defendant's IT equipment and needs and had been working for Defendant for over twenty years, Plaintiff Nestor was not hired by Defendant while significantly younger individuals were hired instead of her despite the experience of Plaintiff Nestor.

21. Defendant's reason for not hiring Plaintiff Nestor was a pretext for discrimination.

22. Plaintiff Nestor received discriminatory and harassing comments regarding her age from Defendant prior to prior to their failure to hire her on a regular basis.

23. Plaintiff Nestor performed her contracted duties in a satisfactory manner for Defendant.

24. Plaintiff Nestor's performance was as good, if not better, than individuals at Defendant who were younger than Plaintiff Nestor and who were hired by Defendant instead of Plaintiff Nestor.

26. As a result of Defendant's age based discriminatory conduct, Plaintiff Nestor has suffered injury to her career, as well as emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, and other non-pecuniary losses for which she is entitled to compensatory damages pursuant to 42 U.S.C. § 1981a.

WHEREFORE, Plaintiff ANDREA NESTOR prays for judgment against Defendant ARENTFOX SCHIFF, as follows:

A. For an award of back pay and lost benefits from April 16, 2023 through the present;

B. For liquidated damages;

C. Front pay;

D. For attorney's fees and costs of this suit, including expert witness fees;

E. For pre-judgment interest in an amount to be determined at the time of trial; and

F. For such other relief as is just and equitable.

## COUNT VI
## ADEA WILLFUL VIOLATION – ANDREA NESTOR

1-25. Plaintiff Nestor re-alleges and incorporate as if fully set forth herein paragraphs 1–6 above and paragraphs 7-25 of Counts II and III.

26. Defendant's discriminatory conduct, as aforesaid, was intentional and/or in reckless disregard for Plaintiff Nestor's rights under the law and these acts constitute willful indifference to said rights.

WHEREFORE, Plaintiff ANDREA NESTOR prays for judgment against Defendant ARENTFOX SCHIFF, as follows:

    A.    For an award of back pay and lost benefits from April 16, 2023 through the present;

    B.    For liquidated damages in an amount equal to Plaintiffs' actual damages;

    C.    Front pay;

    D.    For attorney's fees and costs of this suit, including expert witness fees;

    E.    For pre-judgment interest in an amount to be determined at the time of trial; and

    F.    For such other relief as is just and equitable.

Respectfully submitted,

CLAYTON AMES and
ANDREA NESTOR

By: s/ Barry A. Gomberg
One of Plaintiffs' Attorneys

Barry A. Gomberg
BARRY A. GOMBERG & ASSOC., LTD.
53 West Jackson Blvd., Suite 1350
Chicago, Illinois 60604
(312) 922-0550