IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CLAYTON AMES and ANDREA NESTOR, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:24-cv-00729 |
| v. | ) ) | Hon. Jeremy C. Daniel |
| ARENTFOX SCHIFF, LLP | ) ) | |
| Defendant. | ) ) | |

**ANSWER TO COMPLAINT**

Defendant ArentFox Schiff, LLP ("AFS"), answers the Complaint of Plaintiffs Clay Ames ("Mr. Ames") and Andrea Nestor ("Ms. Nestor") as follows:

**PARTIES**

1.      Plaintiff, Clayton Ames, is an individual residing in Johnsburg, Illinois.

**ANSWER:**      AFS admits that Mr. Ames is an individual but is without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 1.

2.      Plaintiff Andrea Nestor is an individual residing in Geneva, Illinois.

**ANSWER:**      AFS admits that Ms. Nestor is an individual but is without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 2.

3.      Defendant ArentFox Schiff ("Defendant" or "ArentFox") is a company transacting business in the State of Illinois, with offices located at 233 S. Wacker Dr., Chicago, Illinois 60606.

**ANSWER:**      AFS admits the allegations of paragraph 3.

**JURISDICTION AND VENUE**

-1-

4.     The claims against Defendant are for age discrimination pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §621, et seq.

**ANSWER:**     AFS admits that Plaintiffs have alleged claims for age discrimination pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §621, et seq., but denies that Plaintiffs' claims have any merit.

5.     Jurisdiction is conveyed upon this Court by virtue of 28 U.S.C. §1343 as these claims arise under the laws of the United States of America.

**ANSWER:**     The allegations of Paragraph 5 are legal conclusions to which no answer is required. AFS does not contest that this Court has jurisdiction over this matter, but denies that AFS has acted improperly or unlawfully in any respect.

6.     This Court is the proper venue for this lawsuit in that the facts giving rise to this lawsuit occurred in this judicial district.

**ANSWER:**     The allegations of Paragraph 6 are legal conclusions to which no answer is required. AFS does not contest venue but denies that AFS has acted improperly or unlawfully in any respect.

## COUNT I -

## AGE DISCRIMINATION – CLAYTON AMES
### (Failure to Promote)

1-6.  Plaintiff Ames re-alleges and incorporates as if fully set forth herein paragraphs 1 through 6 above.

**ANSWER:**     AFS incorporates its responses to paragraphs 1 through 6 as though fully set forth herein.

7.     Pursuant to Section 14(b) of the ADEA, 29 U.S.C. § 633(b), Plaintiff Ames has filed this cause more than sixty (60) days after the filing of a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), pursuant to the requirements of the ADEA and the EEOC, a copy of which is attached hereto as Exhibit A and fully incorporated herein by reference.

**ANSWER:**    AFS admits that Mr. Ames filed this action more than sixty days after

filing with the EEOC the Charge of Discrimination attached as Exhibit A to the Complaint.

However, AFS denies that the Charge of Discrimination has any merit, and further, to the extent

that the remaining allegations of paragraph 7 are legal conclusions, AFS denies them.

8.      Plaintiff Ames has filed this cause pursuant to a Notice of Right to Sue issued by
the EEOC within the statutory time requirement, a copy of which is attached hereto as
Exhibit C.

**ANSWER:**    AFS admits that Exhibit C to the Complaint is a Dismissal and Notice of

Rights issued to Mr. Ames, dated November 28, 2023. To the extent that the remaining

allegations of paragraph 8 are legal conclusions, AFS denies them.

9.      In direct violation of the ADEA, Defendant engaged in the age discriminatory acts
described in the Charge of Discrimination, attached as Exhibit A.

**ANSWER:**    AFS denies the allegations of paragraph 9.

10.      Plaintiff Clayton Ames was born in 1964.

**ANSWER:**    AFS is without knowledge or information sufficient to admit or deny the

allegations of paragraph 10.

11.      In 1998, Plaintiff Ames was hired by Schiff Hardin.

**ANSWER:**    AFS denies the allegations of paragraph 11.

12.      In 2022, Schiff Hardin merged with ArentFox and became ArentFox Schiff, who
is the Defendant in this matter.

**ANSWER:**    AFS admits the allegations of paragraph 12.

13.      Plaintiff Ames was an employee of ArentFox Schiff.

**ANSWER:**    AFS denies the allegations of paragraph 13.

14.      Plaintiff Ames worked in Defendant's Information Technology ("IT") Department
during his employment.

**ANSWER:**    AFS admits that Mr. Ames performed certain IT-related services for Schiff Hardin LLP, and then for AFS, pursuant to the December 20, 2018 Agreement between CSA Consulting, Inc. and Schiff Hardin LLP and denies the remaining allegations of paragraph 14.

15.    In 2023, Plaintiff Ames was required to re-apply for his position despite the fact that he was one of the most knowledgeable individuals at Defendant regarding Defendant's technology and needs.

**ANSWER:**    AFS denies the allegations of paragraph 15.

16.    Stova Wong asked Plaintiff Ames if he wanted to continue working for Defendant in their IT Department.

**ANSWER:**    AFS admits that before the 2022 merger of Schiff Hardin LLP and ArentFox LLP, Mr. Wong asked Mr. Ames if he would be willing to enter into an employment relationship with Schiff Hardin LLP, instead of performing services pursuant to the December 20, 2018 Agreement between CSA Consulting, Inc. and Schiff Hardin LLP.  AFS further admits that on January 20, 2023, AFS posted two new positions, Technology Support Analyst Levels 2 and 3, and Mr. Wong encouraged Mr. Ames to apply. AFS denies the remaining allegations of paragraph 16.

17.    Plaintiff Ames informed Stova Wong that he wanted to remain employed by Defendant.

**ANSWER:**    AFS admits that after AFS posted two new positions, Technology Support Analyst Levels 2 and 3, on January 20, 2023, Mr. Ames applied for the Level 3 position. AFS denies the remaining allegations of paragraph 17.

18.    Plaintiff Ames was informed by Stova Wong that Defendant would "love to continue to work with" him.

**ANSWER:**    AFS denies the allegations of paragraph 18.

19.    On or about April 15, 2023, Plaintiff Ames was terminated from his position at Defendant.

**ANSWER:** AFS admits that it terminated the December 20, 2018 Agreement between CSA Consulting, Inc. and Schiff Hardin LLP, pursuant to which Mr. Ames was performing services for AFS, effective April 14, 2023, but denies the remaining allegations of paragraph 19.

20.   Even though Plaintiff Ames was knowledgeable about Defendant's IT equipment and needs and had been working for Defendant for over twenty years, Plaintiff was terminated from Defendant while significantly younger individuals were hired to replace him despite the experience of Plaintiff.

**ANSWER:** AFS admits that Mr. Ames was not hired for either of the two new positions, Technology Support Analyst Levels 2 and 3. AFS denies the remaining allegations of paragraph 20.

21.   Defendant's reason for terminating Plaintiff Ames was a pretext for discrimination.

**ANSWER:** AFS denies the allegations of paragraph 21.

22.   Plaintiff Ames received discriminatory and harassing comments regarding his age from Defendant prior to prior to his termination.

**ANSWER:** AFS denies the allegations of paragraph 22.

23.   Plaintiff Ames performed his job duties in a satisfactory manner for Defendant.

**ANSWER:** AFS admits that Mr. Ames performed services pursuant to the December 20, 2018 Agreement between CSA Consulting, Inc. and Schiff Hardin LLP in a satisfactory matter but denies the remaining allegations of paragraph 23.

24.   Plaintiff Ames' performance was as good, if not better, than individuals at Defendant who were younger than Plaintiff Ames and who were not terminated by Defendant under comparable or worse circumstances.

**ANSWER:** AFS denies the allegations of paragraph 24.

25.   As a result of Defendant's age based discriminatory conduct, Plaintiff Ames has suffered injury to his career, as well as emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, and other non-pecuniary losses for which he is entitled to compensatory damages pursuant to 42 U.S.C. § 1981a.

**ANSWER:** AFS denies the allegations of paragraph 25.


**COUNT II -**

**IN THE ALTERNATIVE, AGE DISCRIMINATION – CLAYTON AMES**
**(Failure to Hire)**

1-6.     Plaintiff Ames re-alleges and incorporates as if fully set forth herein paragraphs 1 through 6 above.

**ANSWER:** AFS incorporates its responses to paragraphs 1 through 6 as though fully

set forth herein.


7.     Pursuant to Section 14(b) of the ADEA, 29 U.S.C. § 633(b), Plaintiff Ames has filed this cause more than sixty (60) days after the filing of a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), pursuant to the requirements of the ADEA and the EEOC, a copy of which is attached hereto as Exhibit A and fully incorporated herein by reference.

**ANSWER:** AFS admits that Mr. Ames filed this action more than sixty days after

filing with the EEOC the Charge of Discrimination attached as Exhibit A to the Complaint.

However, AFS denies that the Charge of Discrimination has any merit, and further, to the extent

that the remaining allegations of paragraph 7 are legal conclusions, AFS denies them.


8.     Plaintiff Ames has filed this cause pursuant to a Notice of Right to Sue issued by the EEOC within the statutory time requirement, a copy of which is attached hereto as Exhibit C.

**ANSWER:** AFS admits that Exhibit C to the Complaint is a Dismissal and Notice of

Rights issued to Mr. Ames, dated November 28, 2023. To the extent that the remaining

allegations of paragraph 8 are legal conclusions, AFS denies them.


9.     In direct violation of the ADEA, Defendant engaged in the age discriminatory acts described in the Charge of Discrimination, attached as Exhibit A.

**ANSWER:** AFS denies the allegations of paragraph 9.

10.     Plaintiff Clayton Ames was born in 1964.

-6-

**ANSWER:** AFS is without knowledge or information sufficient to admit or deny the allegations of paragraph 10.

11. In 1998, Plaintiff Ames was contracted by Schiff Hardin to perform services related to information technology.

**ANSWER:** AFS admits that Schiff Hardin LLP entered into a December 20, 2018 Agreement between CSA Consulting, Inc. and Schiff Hardin LLP for hardware repair and support, and that Mr. Ames executed said Agreement as President of CSA Consulting, Inc. AFS denies that there was a contract between Mr. Ames and Schiff Hardin and denies the remaining allegations of paragraph 11.

12. In 2022, Schiff Hardin merged with ArentFox and became ArentFox Schiff, who is the Defendant in this matter.

**ANSWER:** AFS admits the allegations of paragraph 12.

13. Plaintiff Ames was a contractor of ArentFox Schiff.

**ANSWER:** AFS admits that Schiff Hardin LLP entered into a December 20, 2018 Agreement between CSA Consulting, Inc. and Schiff Hardin LLP for hardware repair and support and that Mr. Ames performed services for AFS pursuant to that Agreement. AFS denies that there was a contract between Mr. Ames and AFS and denies the remaining allegations of paragraph 13.

14. Plaintiff Ames worked in Defendant's Information Technology ("IT") Department during his employment.

**ANSWER:** AFS admits that Mr. Ames performed certain IT-related services for AFS pursuant to the December 20, 2018 Agreement between CSA Consulting, Inc. and Schiff Hardin LLP and denies the remaining allegations of paragraph 14.

15.    In 2023, Plaintiff Ames was required to apply for his position despite the fact that he was one of the most knowledgeable individuals regarding Defendant's technology and needs.

**ANSWER:**    AFS denies the allegations of paragraph 15.

16.    Stova Wong asked Plaintiff Ames if he wanted to work as a regular employee for Defendant in their IT Department.

**ANSWER:**    AFS admits that before the 2022 merger of Schiff Hardin LLP and ArentFox LLP, Mr. Wong asked Mr. Ames if he would be willing to enter into an employment relationship with Schiff Hardin LLP, instead of performing services pursuant to the December 20, 2018 Agreement between CSA Consulting, Inc. and Schiff Hardin LLP.  AFS further admits that on January 20, 2023, AFS posted two new positions, Technology Support Analyst Levels 2 and 3, and Mr. Wong encouraged Mr. Ames to apply. AFS denies the remaining allegations of paragraph 16.

17.    Plaintiff Ames informed Stova Wong that he wanted to be employed by Defendant.

**ANSWER:**    AFS admits that after AFS posted two new positions, Technology Support Analyst Levels 2 and 3, on January 20, 2023, Mr. Ames applied for the Level 3 position. AFS denies the remaining allegations of paragraph 17.

18.    Plaintiff Ames was informed by Stova Wong that Defendant would "love to continue to work with" him.

**ANSWER:**    AFS denies the allegations of paragraph 18.

19.    On or about April 15, 2023, Plaintiff Ames was not hired by Defendant to perform the duties that he was previously contracted to perform for Defendant.

**ANSWER:**    AFS admits that Mr. Ames was not hired for either of the two new positions, Technology Support Analyst Levels 2 and 3. AFS denies the remaining allegations of paragraph 19.

20.     Even though Plaintiff Ames was knowledgeable about Defendant's IT equipment and needs and had been working for Defendant for over twenty years, Plaintiff Ames was not hired by Defendant while significantly younger individuals were hired instead of him despite the experience of Plaintiff Ames.

**ANSWER:**     AFS admits that Mr. Ames was not hired for either of the two new positions, Technology Support Analyst Levels 2 and 3. AFS denies the remaining allegations of paragraph 20.

21.     Defendant's reason for not hiring Plaintiff Ames was a pretext for discrimination.

**ANSWER:**     AFS denies the allegations of paragraph 21.

22.     Plaintiff Ames received discriminatory and harassing comments regarding his age from Defendant prior to prior to their failure to hire him on a regular basis.

**ANSWER:**     AFS denies the allegations of paragraph 22.

23.     Plaintiff Ames performed his contracted duties in a satisfactory manner for Defendant.

**ANSWER:**     AFS admits that Mr. Ames performed services pursuant to the December 20, 2018 Agreement between CSA Consulting, Inc. and Schiff Hardin LLP in a satisfactory matter but denies the remaining allegations of paragraph 23.

24.     Plaintiff Ames' performance was as good, if not better, than individuals at Defendant who were younger than Plaintiff Ames and who were hired by Defendant instead of Plaintiff Ames.

**ANSWER:**     AFS denies the allegations of paragraph 24.

25.     As a result of Defendant's age based discriminatory conduct, Plaintiff Ames has suffered injury to his career, as well as emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, and other non-pecuniary losses for which he is entitled to compensatory damages pursuant to 42 U.S.C. § 1981a.

**ANSWER:**     AFS denies the allegations of paragraph 25.

## COUNT III

## ADEA WILLFUL VIOLATION – CLAYTON AMES

1-25.   Plaintiffs re-allege and incorporate as if fully set forth herein paragraphs 1–6 above and paragraphs 7-25 of Counts II [sic] and III [sic].

**ANSWER:**   AFS incorporates its responses to paragraphs 1 through 6 above, and to

paragraphs 7-25 of Counts I and II, as though fully set forth herein.

26.   Defendant's discriminatory conduct, as aforesaid, was intentional and/or in reckless disregard for Plaintiffs' rights under the law and these acts constitute willful indifference to said rights.

**ANSWER:**   AFS denies the allegations of paragraph 26.

### COUNT IV

### AGE DISCRIMINATION – ANDREA NESTOR
### (Failure to Promote)

1-6.   Plaintiff Nestor re-alleges and incorporates as if fully set forth herein paragraphs 1 through 6 above.

**ANSWER:**   AFS incorporates its responses to paragraphs 1 through 6 above, as though

fully set forth herein.

7.   Pursuant to Section 14(b) of the ADEA, 29 U.S.C. § 633(b), Plaintiff Nestor has filed this cause more than sixty (60) days after the filing of a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), pursuant to the requirements of the ADEA and the EEOC, a copy of which is attached hereto as Exhibit B and fully incorporated herein by reference.

**ANSWER:**   AFS admits that Ms. Nestor filed this action more than sixty days after

filing with the EEOC the Charge of Discrimination attached as Exhibit B to the Complaint.

However, AFS denies that the Charge of Discrimination has any merit, and further, to the extent

that the remaining allegations of paragraph 7 are legal conclusions, AFS denies them.

8.   Plaintiff Nestor has filed this cause pursuant to a Notice of Right to Sue issued by the EEOC within the statutory time requirement, a copy of which is attached hereto as Exhibit D.

**ANSWER:** AFS admits that Exhibit D to the Complaint is a Dismissal and Notice of Rights issued to Ms. Nestor, dated November 28, 2023. To the extent that the remaining allegations of paragraph 8 are legal conclusions, AFS denies them.

9. In direct violation of the ADEA, Defendant engaged in the age discriminatory acts described in the Charge of Discrimination, attached as Exhibit B.

**ANSWER:** AFS denies the allegations of paragraph 9.

10. Plaintiff Andrea Nestor was born in 1965.

**ANSWER:** AFS is without knowledge or information sufficient to admit or deny the allegations of paragraph 10.

11. In 1998, Plaintiff Nestor was hired by Schiff Hardin.

**ANSWER:** AFS denies the allegations of paragraph 11.

12. In 2022, Schiff Hardin merged with ArentFox and became ArentFox Schiff, who is the Defendant in this matter.

**ANSWER:** AFS admits the allegations of paragraph 12.

13. Plaintiff Nestor was an employee of ArentFox Schiff.

**ANSWER:** AFS denies the allegations of paragraph 13.

14. Plaintiff Nestor worked in Defendant's Information Technology ("IT") Department during her employment.

**ANSWER:** AFS admits that Ms. Nestor performed certain IT-related services for Schiff Hardin LLP, and then for AFS, pursuant to the December 20, 2018 Agreement between CSA Consulting, Inc. and Schiff Hardin LLP, and denies the remaining allegations of paragraph 14.

15.     In 2023, Plaintiff Nestor was required to re-apply for her position despite the fact that she was one of the most knowledgeable individuals at Defendant regarding Defendant's technology and needs.

**ANSWER:**     AFS denies the allegations of paragraph 15.


16.     Stova Wong asked Plaintiff Nestor if she wanted to continue working for Defendant in their IT Department.

**ANSWER:**     AFS denies the allegations of paragraph 15.


17.     Plaintiff Nestor informed Stova Wong that she wanted to remain employed by Defendant.

**ANSWER:**     AFS admits that after AFS posted two new positions, Technology Support Analyst Levels 2 and 3, on January 20, 2023, Ms. Nestor applied for both of them. AFS denies the remaining allegations of paragraph 17.


18.     Plaintiff Nestor was informed by Stova Wong that Defendant would "love to continue to work with" her.

**ANSWER:**     AFS denies the allegations of paragraph 18.


19.     On or about April 15, 2023, Plaintiff Nestor was terminated from her position at Defendant.

**ANSWER:**     AFS admits that it terminated the December 20, 2018 Agreement between CSA Consulting, Inc. and Schiff Hardin LLP, pursuant to which Ms. Nestor was performing services for AFS, effective April 14, 2023, but denies the remaining allegations of paragraph 19.


20.     Even though Plaintiff Nestor was knowledgeable about Defendant's IT equipment and needs and had been working for Defendant for over twenty years, Plaintiff was terminated from Defendant while significantly younger individuals were hired to replace her despite the experience of Plaintiff.

-12-

**ANSWER:**     AFS admits that Ms. Nestor was not hired for either of the two new

positions, Technology Support Analyst Levels 2 and 3. AFS denies the remaining allegations of

paragraph 20.

21.     Defendant's reason for terminating Plaintiff Nestor was a pretext for
discrimination.

**ANSWER:**     AFS denies the allegations of paragraph 21.

22.     Plaintiff Nestor received discriminatory and harassing comments regarding her
age from Defendant prior to prior to her termination.

**ANSWER:**     AFS denies the allegations of paragraph 22.

23.     Plaintiff Nestor performed her job duties in a satisfactory manner for Defendant.

**ANSWER:**     AFS admits that Ms. Nestor performed services pursuant to the December

20, 2018 Agreement between CSA Consulting, Inc. and Schiff Hardin LLP in a satisfactory

matter but denies the remaining allegations of paragraph 23.

24.     Plaintiff Nestor's performance was as good, if not better, than individuals at
Defendant who were younger than Plaintiff Nestor and who were not terminated by
Defendant under comparable or worse circumstances.

**ANSWER:**     AFS denies the allegations of paragraph 24.

26[sic].     As a result of Defendant's age based discriminatory conduct, Plaintiff
Nestor has suffered injury to her career, as well as emotional pain, suffering,
inconvenience, mental anguish and loss of enjoyment of life, and other non-pecuniary
losses for which she is entitled to compensatory damages pursuant to 42 U.S.C. § 1981a.

**ANSWER:**     AFS denies the allegations of paragraph 26.

**COUNT V -**

**IN THE ALTERNATIVE, AGE DISCRIMINATION – ANDREA NESTOR**

**(Failure to Hire)**

1-6.  Plaintiff Nestor re-alleges and incorporates as if fully set forth herein paragraphs 1 through 6 above.

**ANSWER:**    AFS incorporates its responses to paragraphs 1 through 6 above, as though

fully set forth herein.


7.        Pursuant to Section 14(b) of the ADEA, 29 U.S.C. § 633(b), Plaintiff Nestor has filed this cause more than sixty (60) days after the filing of a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), pursuant to the requirements of the ADEA and the EEOC, a copy of which is attached hereto as Exhibit B and fully incorporated herein by reference.

**ANSWER:**    AFS admits that Ms. Nestor filed this action more than sixty days after

filing with the EEOC the Charge of Discrimination attached as Exhibit B to the Complaint.

However, AFS denies that the Charge of Discrimination has any merit, and further, to the extent

that the remaining allegations of paragraph 7 are legal conclusions, AFS denies them.


8.        Plaintiff Nestor has filed this cause pursuant to a Notice of Right to Sue issued by the EEOC within the statutory time requirement, a copy of which is attached hereto as Exhibit D.

**ANSWER:**    AFS admits that Exhibit D to the Complaint is a Dismissal and Notice of

Rights issued to Ms. Nestor, dated November 28, 2023. To the extent that the remaining

allegations of paragraph 8 are legal conclusions, AFS denies them.


9.        In direct violation of the ADEA, Defendant engaged in the age discriminatory acts described in the Charge of Discrimination, attached as Exhibit B.

**ANSWER:**    AFS denies the allegations of paragraph 9.


10.      Plaintiff Andrea Nestor was born in 1965.

**ANSWER:**    AFS is without knowledge or information sufficient to admit or deny the

allegations of paragraph 10.

11.     In 1998, Plaintiff Nestor was contracted by Schiff Hardin to perform services related to information technology.

**ANSWER:**     AFS admits that Schiff Hardin LLP entered into a December 20, 2018

Agreement between CSA Consulting, Inc. and Schiff Hardin LLP for hardware repair and

support, and that Ms. Nestor performed services pursuant to that Agreement. AFS denies that

there was a contract between Ms. Nestor and Schiff Hardin and denies the remaining allegations

of paragraph 11.

12.     In 2022, Schiff Hardin merged with ArentFox and became ArentFox Schiff, who is the Defendant in this matter.

**ANSWER:**     AFS admits the allegations of paragraph 12.

13.     Plaintiff Nestor was a contractor of ArentFox Schiff.

**ANSWER:**     AFS admits that Schiff Hardin LLP entered into a December 20, 2018

Agreement between CSA Consulting, Inc. and Schiff Hardin LLP for hardware repair and

support and that Ms. Nestor performed services for AFS pursuant to that Agreement.  AFS denies

that there was a contract between Ms. Nestor and AFS and denies the remaining allegations of

paragraph 13.

14.     Plaintiff Nestor worked in Defendant's Information Technology ("IT") Department during her employment.

**ANSWER:**     AFS admits that Ms. Nestor performed certain IT-related services for AFS

pursuant to the December 20, 2018 Agreement between CSA Consulting, Inc. and Schiff Hardin

LLP and denies the remaining allegations of paragraph 14.

15.     In 2023, Plaintiff Nestor was required to apply for her position despite the fact that she was one of the most knowledgeable individuals regarding Defendant's technology and needs.

**ANSWER:**     AFS denies the allegations of paragraph 15.

16.     Stova Wong asked Plaintiff Nestor if she wanted to work as a regular employee for Defendant in their IT Department.

**ANSWER:**     AFS denies the allegations of paragraph 16.

17.     Plaintiff Nestor informed Stova Wong that she wanted to be employed by Defendant.

**ANSWER:**     AFS admits that after AFS posted two new positions, Technology Support Analyst Levels 2 and 3, on January 20, 2023, Ms. Nestor applied for both of them. AFS denies the remaining allegations of paragraph 17.

18.     Plaintiff Nestor was informed by Stova Wong that Defendant would "love to continue to work with" her.

**ANSWER:**     AFS denies the allegations of paragraph 18.

19.     On or about April 15, 2023, Plaintiff Nestor was not hired by Defendant to perform the duties that she was previously contracted to perform for Defendant.

**ANSWER:**     AFS admits that Ms. Nestor was not hired for either of the two new positions, Technology Support Analyst Levels 2 and 3. AFS denies the remaining allegations of paragraph 19.

20.     Even though Plaintiff Nestor was knowledgeable about Defendant's IT equipment and needs and had been working for Defendant for over twenty years, Plaintiff Nestor was not hired by Defendant while significantly younger individuals were hired instead of her despite the experience of Plaintiff Nestor.

**ANSWER:**     AFS admits that Ms. Nestor was not hired for either of the two new positions, Technology Support Analyst Levels 2 and 3. AFS denies the remaining allegations of paragraph 20.

21.     Defendant's reason for not hiring Plaintiff Nestor was a pretext for discrimination.

**ANSWER:**     AFS denies the allegations of paragraph 21.

22.     Plaintiff Nestor received discriminatory and harassing comments regarding her age from Defendant prior to prior to their failure to hire her on a regular basis.

**ANSWER:**     AFS denies the allegations of paragraph 21.

23.     Plaintiff Nestor performed her contracted duties in a satisfactory manner for Defendant.

**ANSWER:**     AFS admits that Ms. Nestor performed services pursuant to the December

20, 2018 Agreement between CSA Consulting, Inc. and Schiff Hardin LLP in a satisfactory

matter but denies the remaining allegations of paragraph 23.

24.     Plaintiff Nestor's performance was as good, if not better, than individuals at Defendant who were younger than Plaintiff Nestor and who were hired by Defendant instead of Plaintiff Nestor.

**ANSWER:**     AFS denies the allegations of paragraph 24.

26[sic].     As a result of Defendant's age based discriminatory conduct, Plaintiff Nestor has suffered injury to her career, as well as emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, and other non-pecuniary losses for which she is entitled to compensatory damages pursuant to 42 U.S.C. § 1981a.

**ANSWER:**     AFS denies the allegations of paragraph 24.

## COUNT VI

## ADEA WILLFUL VIOLATION – ANDREA NESTOR

1-25. Plaintiff Nestor re-alleges and incorporate as if fully set forth herein paragraphs 1–6 above and paragraphs 7-25 of Counts II [sic] and III [sic].

**ANSWER:**     AFS incorporates its responses to paragraphs 1 through 6 above, and to

paragraphs 7-25 of Counts IV and V, as though fully set forth herein.

26.     Defendant's discriminatory conduct, as aforesaid, was intentional and/or in reckless disregard for Plaintiff Nestor's rights under the law and these acts constitute willful indifference to said rights.

**ANSWER:**     AFS denies the allegations of paragraph 26.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff Clay Ames has failed to mitigate his damages.

2. Plaintiff Andrea Nestor has failed to mitigate her damages.


WHEREFORE, Defendant ArentFox Schiff LLP respectfully requests that Plaintiffs' Complaint be dismissed with prejudice, and that Defendant be awarded costs.


Respectfully submitted,


*/s/ Paula M. Ketcham*

Paula M. Ketcham
Attorney for Defendant
ArentFox Schiff LLP
233 S. Wacker Drive
Suite 7100
Chicago, IL 60606
(312) 258-5500
paula.ketcham@afslaw.com

*Counsel for Defendant ArentFox Schiff LLP*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 13, 2024, I electronically filed the foregoing on the CM/ECF system, which thereby served such filing via the Court's ECF Notification system to all attorneys of record in this matter.

        */s/ Paula M. Ketcham*
        Paula M. Ketcham